ROB BONTA
Attorney General of California
DAVID ZAFT
Supervising Deputy Attorney General
KEITH G. BAUERLE (SBN 214564)
KATE M. HAMMOND (SBN 293433)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6531
Fax: (916) 731-2128
E-mail: Kate.Hammond@doj.ca.gov

*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control*
*and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALISTOGA HOLDINGS, LLC; APACHE CORPORATION; AMERICAN LINEN SUPPLY COMPANY d/b/a MARYATT INDUSTRIES; ASPHALT PRODUCTS OIL, LLC; ASSOCIATED COOPERATIVES, INC.; BABBITT BEARING COMPANY INC.; BALL METAL BEVERAGE CONTAINER CORPORATION; BAYER CORPORATION; BLUETRITON BRANDS, INC. f/k/a ARROWHEAD MOUNTAIN SPRING WATER COMPANY; CALIFORNIA ALMOND GROWERS EXCHANGE; CARBOLINE COMPANY; CARGILL, INCORPORATED; CELANESE CORPORATION; CLOROX SERVICES COMPANY; COMMUNICATIONS & POWER INDUSTRIES LLC; CONAGRA BRANDS, INC.; CONOCOPHILLIPS** | Case No.<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF** |

**COMPANY; COSTCO WHOLESALE CORPORATION; COTY INC.; COURT GALVANIZING, INC.; CROWLEY MARINE SERVICES, INC.; DAP PRODUCTS, INC.; E.F. KLUDT & SONS, INC.; ECODYNE CORPORATION; ECOLAB INC.; ENVIRONMENTAL RESOURCE HOLDINGS, LLC; FARWEST CORROSION CONTROL COMPANY; FOUR-D METAL FINISHING, INC.; GENERAL DYNAMICS CORPORATION; H.B. FULLER COMPANY; HENKEL US OPERATIONS CORPORATION f/k/a HENKEL CORPORATION; HEXION INC. f/k/a BORDEN CHEMICAL CO.; HILLIARD OIL & GAS, INC.; HOYA CORPORATION USA; HUCK INTERNATIONAL INC.; HUNTWAY REFINING COMPANY; JONES-HAMILTON CO.; KEYSTONE SHIPPING CO.; LOUISIANA-PACIFIC CORPORATION; MACK TRUCKS, INC.; PETROLEUM SALES INC.; MASONITE CORPORATION; MATHESON TRI-GAS, INC.; MCKESSON CORPORATION; MISSION LINEN SUPPLY; MOTOROLA SOLUTIONS, INC.; NORTHERN CALIFORNIA POWER AGENCY; OLIN CORPORATION; OSRAM SYLVANIA INC.; OXY USA INC.; PRUDENTIAL OVERALL SUPPLY; RAMOS OIL RECYCLERS d/b/a RAMOS ENVIRONMENTAL SERVICES; SIMPLOT COMPANY; SIX FLAGS ENTERTAINMENT CORPORATION; SOUTHERN CALIFORNIA EDISON COMPANY; SOUTHERN CALIFORNIA GAS COMPANY; SUMIDEN WIRE PRODUCTS CORPORATION; SUN CHEMICAL CORPORATION; TEXAS INSTRUMENTS INCORPORATED; TEXTRON INC.; THE PASHA GROUP; THRIFTY OIL CO.; TIMEX GROUP USA, INC. (TGUSA); UNILEVER; UNITED STATES PIPE AND FOUNDRY COMPANY, LLC a/k/a U.S. PIPE; VARIAN MEDICAL SYSTEMS; VEOLIA ES TECHNICAL SOLUTIONS, L.L.C.; VERIZON COMMUNICATIONS, INC.; VIAVI SOLUTIONS, INC. f/k/a OCLI; VISHAY GSI, INC.; VOPAK NORTH AMERICA, INC.; WESTERN FORGE & FLANGE CO., LLC; WEYERHAEUSER NR COMPANY; and XEROX CORPORATION,**

Defendants.

Plaintiffs, the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account ("TSCA" and collectively with DTSC referred to herein as "Plaintiffs"), allege as follows:

**STATEMENT OF THE CASE**

1. Plaintiffs bring this civil action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above, and/or from the Vine Hill Complex, a closed hazardous waste treatment and disposal landfill located in Contra Costa County, California.

2. Plaintiffs also seek a declaratory judgment, under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future, as result of any release or threatened release of a hazardous substance at, beneath, above, and/or from the Vine Hill Complex.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances at issue in the Complaint occurred in this judicial district.

**DIVISIONAL ASSIGNMENT**

5. This civil action arose in Contra Costa County and assignment is proper in the San Francisco Division or the Oakland Division of this Court pursuant to Civil L.R. 3-2(d).

**PLAINTIFFS**

6. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC has the authority to protect California's people and environment from the harmful effects of toxic substances

by restoring contaminated resources, enforcing hazardous waste laws, reducing hazardous waste generation, and encouraging the manufacture of chemically safer products. *See, e.g.*, Cal. Health & Safety Code §§ 25100–25259, 25300–25359.45, and 58009–58010. DTSC has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance and to respond to releases and/or threatened releases of a hazardous substance.

7. TSCA is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes TSCA and authorizes the Director of DTSC to administer it. Under California Health and Safety Code section 79700, TSCA shall be a party in any action for the recovery of response costs or expenditures that were incurred by DTSC from TSCA.

**DEFENDANTS**

8. Defendant CALISTOGA HOLDINGS, LLC is a Delaware limited liability company and the former General Partner of Calistoga Geothermal Partners, LP, successor-in-interest to Santa Fe Geothermal, Inc. DTSC is informed and believes, and based on such information and belief alleges, that Santa Fe Geothermal, Inc. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill complex.

9. Defendant APACHE CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that APACHE CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

10. Defendant AMERICAN LINEN SUPPLY COMPANY d/b/a MARYATT INDUSTRIES is a corporation incorporated in Washington. DTSC is informed and believes, and based on such information and belief alleges, that AMERICAN LINEN SUPPLY COMPANY d/b/a MARYATT INDUSTRIES arranged for disposal or treatment and/or

arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

11. Defendant ASPHALT PRODUCTS OIL, LLC is a California limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that ASPHALT PRODUCTS OIL, LLC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

12. Defendant ASSOCIATED COOPERATIVES, INC. is a general cooperative corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that ASSOCIATED COOPERATIVES, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

13. Defendant BABBITT BEARING COMPANY, INC. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that BABBITT BEARING COMPANY, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

14. Defendant BALL METAL BEVERAGE CONTAINER CORPORATION is a corporation incorporated in Colorado. DTSC is informed and believes, and based on such information and belief alleges, that BALL METAL BEVERAGE CONTAINER CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

15. Defendant BAYER CORPORATION is a corporation incorporated in Indiana. DTSC is informed and believes, and based on such information and belief alleges, that BAYER CORPORATION arranged for disposal or treatment and/or arranged with a

transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

16. Defendant BLUETRITON BRANDS, INC. f/k/a ARROWHEAD MOUNTAIN SPRING WATER COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that BLUETRITON BRANDS, INC. f/k/a ARROWHEAD MOUNTAIN SPRING WATER COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

17. Defendant CALIFORNIA ALMOND GROWERS EXCHANGE is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that CALIFORNIA ALMOND GROWERS EXCHANGE arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

18. Defendant CARBOLINE COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CARBOLINE COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

19. Defendant CARGILL, INCORPORATED is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CARGILL, INCORPORATED arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

20. Defendant CELANESE CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CELANESE CORPORATION arranged for disposal or treatment and/or arranged with a

transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

21. Defendant CLOROX SERVICES COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CLOROX SERVICES COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

22. Defendant COMMUNICATIONS & POWER INDUSTRIES LLC is a Delaware limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that COMMUNICATIONS & POWER INDUSTRIES LLC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

23. Defendant CONAGRA BRANDS, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CONAGRA BRANDS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

24. Defendant CONOCOPHILLIPS COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CONOCOPHILLIPS COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

25. Defendant COSTCO WHOLESALE CORPORATION is a corporation incorporated in Washington. DTSC is informed and believes, and based on such information and belief alleges, that COSTCO WHOLESALE CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances

as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

26. Defendant COTY INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that COTY INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

27. Defendant COURT GALVANIZING, INC. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that COURT GALVANIZING, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

28. Defendant CROWLEY MARINE SERVICES, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that CROWLEY MARINE SERVICES, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

29. Defendant DAP PRODUCTS, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that DAP PRODUCTS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

30. Defendant E.F. KLUDT & SONS, INC. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that E.F. KLUDT & SONS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

31. Defendant ECODYNE CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that ECODYNE CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

32. Defendant ECOLAB INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that ECOLAB INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

33. Defendant ENVIRONMENTAL RESOURCE HOLDINGS, LLC is a Texas limited liability company and the successor to Occidental Chemical Corporation. DTSC is informed and believes, and based on such information and belief alleges, that Occidental Chemical Corporation arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

34. Defendant FARWEST CORROSION CONTROL COMPANY is a corporation incorporated in Texas. DTSC is informed and believes, and based on such information and belief alleges, that FARWEST CORROSION CONTROL COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

35. Defendant FOUR-D METAL FINISHING, INC. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that FOUR-D METAL FINISHING, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

36. Defendant GENERAL DYNAMICS CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that GENERAL DYNAMICS CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

37. Defendant H.B. FULLER COMPANY is a corporation incorporated in Minnesota. DTSC is informed and believes, and based on such information and belief alleges, that H.B. FULLER COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

38. Defendant HENKEL US OPERATIONS CORPORATION f/k/a HENKEL CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that HENKEL US OPERATIONS CORPORATION f/k/a HENKEL CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

39. Defendant HEXION INC. f/k/a BORDEN CHEMICAL CO. is a corporation incorporated in New Jersey. DTSC is informed and believes, and based on such information and belief alleges, that HEXION INC. f/k/a BORDEN CHEMICAL CO. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

40. Defendant HILLIARD OIL & GAS, INC. is a corporation incorporated in Nevada. DTSC is informed and believes, and based on such information and belief alleges, that HILLIARD OIL & GAS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

41. Defendant HOYA CORPORATION USA is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that HOYA CORPORATION USA arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

42. Defendant HUCK INTERNATIONAL INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that HUCK INTERNATIONAL INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

43. Defendant HUNTWAY REFINING COMPANY is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that HUNTWAY REFINING COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

44. Defendant JONES-HAMILTON CO. is a corporation incorporated in Ohio. DTSC is informed and believes, and based on such information and belief alleges, that JONES-HAMILTON CO. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

45. Defendant KEYSTONE SHIPPING CO. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that KEYSTONE SHIPPING CO. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

46. Defendant LOUISIANA-PACIFIC CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that LOUISIANA-PACIFIC CORPORATION arranged for disposal or

treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

47. Defendant MACK TRUCKS, INC. is a corporation incorporated in Pennsylvania. DTSC is informed and believes, and based on such information and belief alleges, that MACK TRUCKS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

48. Defendant PETROLEUM SALES, INC. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that PETROLEUM SALES, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

49. Defendant MASONITE CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that MASONITE CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

50. Defendant MATHESON TRI-GAS, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that MATHESON TRI-GAS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

51. Defendant MCKESSON CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that MCKESSON CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

52. Defendant MISSION LINEN SUPPLY is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that MISSION LINEN SUPPLY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

53. Defendant MOTOROLA SOLUTIONS, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that MOTOROLA SOLUTIONS, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

54. Defendant NORTHERN CALIFORNIA POWER AGENCY is a California nonprofit joint powers agency. DTSC is informed and believes, and based on such information and belief alleges, that NORTHERN CALIFORNIA POWER AGENCY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

55. Defendant OLIN CORPORATION is a corporation incorporated in Virginia. DTSC is informed and believes, and based on such information and belief alleges, that OLIN CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

56. Defendant OSRAM SYLVANIA, INC. is a corporation incorporated in Delaware and the successor-in-interest to GTE Lenkurt, Inc. and Wesgo Technical Ceramics. DTSC is informed and believes, and based on such information and belief alleges, that GTE Lenkurt Inc. and Wesgo Technical Ceramics arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

57. Defendant OXY USA INC. is a corporation incorporated in Delaware and the successor to Cities Service Oil & Gas. DTSC is informed and believes, and based on such information and belief alleges, that Cities Service Oil & Gas arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

58. Defendant PRUDENTIAL OVERALL SUPPLY is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that PRUDENTIAL OVERALL SUPPLY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

59. Defendant RAMOS OIL RECYCLERS d/b/a RAMOS ENVIRONMENTAL SERVICES is a corporation incorporated in California and the successor to Ramos Environmental Engineering, Inc. DTSC is informed and believes, and based on such information and belief alleges, that Ramos Environmental Engineering, Inc. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

60. Defendant SIMPLOT COMPANY is a corporation incorporated in Nevada. DTSC is informed and believes, and based on such information and belief alleges, that SIMPLOT COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

61. Defendant SIX FLAGS ENTERTAINMENT CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that SIX FLAGS ENTERTAINMENT CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment

of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

62. Defendant SOUTHERN CALIFORNIA EDISON COMPANY is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that SOUTHERN CALIFORNIA EDISON COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

63. Defendant SOUTHERN CALIFORNIA GAS COMPANY is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that SOUTHERN CALIFORNIA GAS COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

64. Defendant SUMIDEN WIRE PRODUCTS CORPORATION is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that SUMIDEN WIRE PRODUCTS CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

65. Defendant SUN CHEMICAL CORPORATION is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that SUN CHEMICAL CORPORATION arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

66. Defendant TEXAS INSTRUMENTS INCORPORATED is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that TEXAS INSTRUMENTS INCORPORATED arranged for disposal or

treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

67. Defendant TEXTRON INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that TEXTRON INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

68. Defendant THE PASHA GROUP is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that THE PASHA GROUP arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

69. Defendant THRIFTY OIL CO. is a corporation incorporated in California. DTSC is informed and believes, and based on such information and belief alleges, that THRIFTY OIL CO. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

70. Defendant TIMEX GROUP USA, INC. (TGUSA) is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that TIMEX GROUP USA, INC. (TGUSA) arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

71. Defendant UNILEVER is a corporation with headquarters in New Jersey. DTSC is informed and believes, and based on such information and belief alleges, that UNILEVER arranged for disposal or treatment and/or arranged with a transporter for disposal

or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

72. Defendant UNITED STATES PIPE AND FOUNDRY COMPANY, LLC a/k/a U.S. PIPE is an Alabama limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that UNITED STATES PIPE AND FOUNDRY COMPANY, LLC a/k/a U.S. PIPE arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

73. Defendant VARIAN MEDICAL SYSTEMS is a corporation incorporated in Delaware and the successor of Varian Associates, Inc. DTSC is informed and believes, and based on such information and belief alleges, that Varian Associates, Inc. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

74. Defendant VEOLIA ES TECHNICAL SOLUTIONS, L.L.C. is a Delaware limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that VEOLIA ES TECHNICAL SOLUTIONS, L.L.C. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

75. Defendant VERIZON COMMUNICATIONS, INC. is a corporation incorporated in Delaware and the successor-in-interest to Verizon California, Inc. DTSC is informed and believes, and based on such information and belief alleges, that Verizon California, Inc. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

76. Defendant VIAVI SOLUTIONS, INC. f/k/a OCLI is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information

and belief alleges, that VIAVI SOLUTIONS, INC. f/k/a OCLI arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

77. Defendant VISHAY GSI, INC. is a corporation incorporated in Delaware. DTSC is informed and believes, and based on such information and belief alleges, that VISHAY GSI, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

78. Defendant VOPAK NORTH AMERICA, INC. is a corporation incorporated in Delaware DTSC is informed and believes, and based on such information and belief alleges, that VOPAK NORTH AMERICA, INC. arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

79. Defendant WESTERN FORGE & FLANGE CO., LLC is a Delaware limited liability company. DTSC is informed and believes, and based on such information and belief alleges, that WESTERN FORGE & FLANGE CO., LLC arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

80. Defendant WEYERHAEUSER NR COMPANY is a corporation incorporated in Washington. DTSC is informed and believes, and based on such information and belief alleges, that WEYERHAEUSER NR COMPANY arranged for disposal or treatment and/or arranged with a transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

81. Defendant XEROX CORPORATION is a corporation incorporated in New York. DTSC is informed and believes, and based on such information and belief alleges, that XEROX CORPORATION arranged for disposal or treatment and/or arranged with a

transporter for disposal or treatment of hazardous substances as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a), at the Vine Hill Complex.

## GENERAL ALLEGATIONS

### The Vine Hill Complex

82. The Vine Hill Complex is a closed hazardous waste treatment and disposal landfill located at 896 Waterbird Way, Martinez, Contra Costa County, California. The Vine Hill Complex is composed of two properties: the Vine Hill property and the Baker property.

83. The Vine Hill property occupies approximately 41 acres and is identified by Contra Costa County Assessor's Parcel numbers 380-020-016 (38.9 acres) and 380-020-002 (1.8 acres). The Baker property occupies approximately 30 acres and consists of one parcel, Contra Costa County Assessor's Parcel number 159-250-014 (30.343 acres).

84. The Vine Hill Complex lies in a deltaic, anaerobic marshy environment consisting primarily of bay mud and marshy, peat environments. Pacheco Creek flows through the Vine Hill Complex and then into Suisun Bay. Land uses surrounding the Vine Hill Complex consist of various residential, commercial, industrial, and open space land uses.

85. The Vine Hill Complex operated as a hazardous and solid waste landfill until 1989. During that time, hazardous waste was treated, stored, and disposed of at the Vine Hill Complex.

86. Waste delivered to the Vine Hill Complex included, without limitation, municipal refuse (municipal rubbish, demolition debris and soil), petroleum industry byproducts, ferrous and nonferrous metals, electronic equipment and components, pharmaceuticals, resins, paints, pigments, byproducts of food processing facilities, and waste from metal finishing, photo finishing, and analytical laboratories.

87. IT Corporation operated the Vine Hill portion of the Vine Hill Complex property from approximately 1959 to 1989, and the Baker portion of the Vine Hill Complex property from approximately 1971 to 1989. Both properties ceased accepting waste from off-site sources in 1987.

88. As a result of the operations at the Vine Hill Complex, there have been releases and threatened releases of hazardous substances from the Vine Hill Complex. Hazardous substances detected in the groundwater at the Vine Hill Complex include, but are not limited to, arsenic, chromium, lead, nickel, acetone, benzene, 1,1-dichloroethane, cis-1,2-dichloroethene, carbon disulfide, chlorobenzene, chloroform, 1,4-dioxane, 1,2-dichlorobenzene, 1,4-dichlorobenzene, 2-butanone, 4-methyl-2-pentanone, ethylbenzene, tetrahydrofuran, trichloroethene ("TCE"), toluene, vinyl chloride, and xylenes.

89. DTSC has taken actions in response to releases and threatened releases of hazardous substances from the Vine Hill Complex, including, without limitation, actions to monitor, assess, evaluate, and/or respond to the release and/or threat of release of hazardous substances from the Vine Hill Complex.

90. On November 29, 2001, IT Corporation transferred ownership of the Vine Hill Complex property to an affiliated entity known as IT Vine Hill LLC, a California limited liability company.

91. In 2002, IT Corporation filed for bankruptcy protection and, on May 1, 2004, the IT Environmental Liquidating Trust ("ITELT") was established to oversee the long-term postclosure operation, maintenance, and upkeep of the Vine Hill Complex as part of the conclusion of the bankruptcy proceedings. ITELT also became the operator of the Vine Hill Complex.

**<u>Closure and Postclosure at the Vine Hill Complex</u>**

92. After the Vine Hill Complex ceased accepting waste from offsite sources, IT Corporation undertook formal closure activities. On June 23, 1999, DTSC accepted closure certification for the Vine Hill Complex.

93. The Vine Hill Complex transitioned to postclosure status pursuant to a postclosure permit approved by DTSC on June 11, 2003. *See* Cal. Health & Safety Code §§ 25245–25248. Postclosure operations at the Vine Hill Complex include, without limitation, inspection and maintenance of landfill covers, surface impoundments, and conveyance systems, treatment of groundwater contaminated by the waste, oversight of groundwater

monitoring for releases and/or threatened releases of contaminants, and responses to potential and immediate threats, newly identified releases, and emergency contingencies, such as floods, fires, and earthquakes.

94. Postclosure operations are necessary at the Vine Hill Complex because the releases and threatened releases of hazardous substances from the Vine Hill Complex have resulted in serious impacts to the environment (e.g., air, soil, soil vapor, surface water, and groundwater) and have resulted, or threaten to result, in exposure (e.g., inhalation, dermal absorption, and ingestion) to human and ecological receptors on and off the Vine Hill Complex.

95. ITELT must obtain and maintain sufficient financial assurance for the required postclosure operations at the Vine Hill Complex. *See* Cal. Health & Saf. Code § 25245, subd. (a)(2); Cal. Code Regs., tit. 22, § 66264.145, subd. (e)(3).

96. On February 29, 2016, DTSC determined that ITELT had failed to demonstrate adequate financial assurance for the Vine Hill Complex and was in violation of financial assurance requirements.

97. On April 5, 2016, ITELT sent DTSC a letter, informing DTSC, that it had "no additional financial assets, or mechanisms in place, to meet the financial assurance obligations" required by California law.

98. In correspondence dated July 28, 2016, DTSC notified ITELT that the shortfall in financial assurance for postclosure activities at the Vine Hill Complex was $10,214,232.

99. On November 29, 2016, DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order (Docket Number: HSA-FY16/17-051) under the authority of Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009 and 58010. DTSC amended that order on February 17, 2017, May 26, 2017, and December 6, 2017 (collectively, the "Amended ISE Order"). The Amended ISE Order named ITELT and several parties that had disposed of hazardous substances at the Vine Hill Complex as respondents and directed them to perform certain work to address the releases and threatened releases.

100. On September 24, 2021, Plaintiffs filed an action against certain of the parties named in the Amended ISE Order and other parties who had disposed of hazardous substances at the Vine Hill Complex in the United States District Court for the Northern District of California for recovery of past response costs and declaratory relief under CERCLA and relief under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6992k (*Cal. Dep't. of Toxic Substances Control, et al. v. Chevron U.S.A. Inc., et al.*, Case No. 4:21-cv-07453.) Concurrent with filing the complaint, Plaintiffs lodged a consent decree to resolve the issues in that complaint (the "First Consent Decree").

101. The Honorable Chief Magistrate Judge Donna M. Ryu entered the First Consent Decree on December 21, 2023. The First Consent Decree resolved the alleged liability of the defendants in that action with respect to the Amended ISE Order and established a Qualified Settlement Fund ("QSF"). Pursuant to a QSF Agreement created in accordance with the First Consent Decree, the QSF holds funds to be used for long-term postclosure costs and corrective action at the Vine Hill Complex under the oversight of DTSC. The First Consent Decree also contemplates cost recovery efforts against other parties who disposed of hazardous substances at the Vine Hill Complex. With this Complaint, Plaintiffs now seek to recover unreimbursed response costs and declaratory relief for future response costs from certain of those other parties.

## FIRST CLAIM FOR RELIEF

### (Cost Recovery Claim Against All Defendants Pursuant to Section 107(a) of CERCLA)

102. Plaintiffs re-allege and incorporate by reference the allegations in Paragraphs 1 through 101 above, as though fully set forth herein.

103. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides in relevant part that any person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at a facility from which there has been a release or a threatened release of a hazardous substance which causes the incurrence of response costs, shall be liable for all costs of removal or remedial action incurred by a State

not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan"), 40 C.F.R. Part 300.

104. The Vine Hill Complex, and the horizontal and vertical extent of the hazardous substance contamination caused by releases of hazardous substances from the Vine Hill Complex, including, without limitation, any area where any hazardous substance from the Vine Hill Complex has come to be located, is a "facility" within the meaning of sections 101(9)(A) and 101(9)(B) of CERCLA, 42 U.S.C. §§ 9601(9)(A), 9601(9)(B).

105. Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Each Defendant arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances at the Vine Hill Complex.

106. There has been a "release" or threatened release of hazardous substances from the Vine Hill Complex into the "environment," within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22). These hazardous substances, as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14), include without limitation, arsenic, chromium, lead, nickel, lead, zinc, acetone, benzene, 1,1-dichloroethane, cis-1,2 dichloroethene, carbon disulfide, chlorobenzene, chloroform, 1,4 dioxane, 1,2-dichlorobenzene, 1,4-dichlorobenzene, 2-butanone, 4-methyl-2-pentanone, ethylbenzene, tetrahydrofuran, TCE, toluene, vinyl chloride, and xylenes.

107. DTSC, in its capacity as an agency of the State of California, is considered a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

108. Plaintiffs have incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous substances at and from the Vine Hill Complex, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs include, without limitation, costs to monitor, assess, evaluate and/or respond to the release and/or threatened release of hazardous substances at the Vine Hill Complex, and/or oversight of same, as defined in

Sections 101(23), (24), and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24), and (25). Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur such costs in the future, including without limitation, by overseeing the postclosure activities required at the Vine Hill Complex.

109. Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' response costs resulting from the release or threat of release of hazardous substances from the Vine Hill Complex.

110. Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiffs' response costs.

## SECOND CLAIM FOR RELIEF

**(Claim for Declaratory Relief Against All Defendants Pursuant to section 113(g)(2) of CERCLA)**

111. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs 1 through 110 above, as though fully set forth herein.

112. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each Defendant is jointly and severally liable to Plaintiffs for any response costs Plaintiffs have incurred and for any further response costs Plaintiffs incur in the future resulting from the releases and/or threatened releases from the Vine Hill Complex.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants as follows:

1. For a judgment that each of the Defendants is jointly and severally liable to Plaintiffs, without regard to fault, for all costs of response, removal and remedial actions, including without limitation oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from the Vine Hill Complex;

2. For a declaration that each of the Defendants is jointly and severally liable to Plaintiffs, without regard to fault, for all future costs, including without limitation oversight costs, incurred by Plaintiffs as a result of any release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from the Vine Hill Complex;

3. For Plaintiffs' costs of suit;

4. For Plaintiffs' attorneys' fees;

5. For prejudgment interest; and

6. For such other and further relief as the court deems just and proper.

Dated: September 3, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAVID ZAFT
Supervising Deputy Attorney General

*/s/ Kate M. Hammond*

KATE M. HAMMOND
KEITH G. BAUERLE
Deputy Attorneys General
*Attorneys for Plaintiffs*
*California Department of Toxic Substances Control and the Toxic Substances Control Account*

OK2004103195